

# The Attorney General of Texas

March 9, 1981

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Willie L. Scott
Major General, TexARNG
The Adjutant General
Camp Mabry - P. O. Box 5218
Austin, Texas 78763

Opinion No. MW-300

Re: Whether teacher who voluntarily attends military training is entitled to paid leave under article 5765, V.T.C.S.

Dear Mr. Scott:

You have requested our opinion as to whether, under the circumstances set forth below, article 5765, V.T.C.S., affords a public school teacher a right to 15 days of paid military leave from her teaching duties. The employee in question is an enlisted member of the Air National Guard (ANG) who desired a commission in the ANG and applied for acceptance in a six-week ANG pre-commissioning course. She was accepted and orders were issued regarding her attendance. She then applied to her school district for, among other things, 15 days of paid military leave to cover part of the period during which she would be absent from her teaching duties because of the training. The district denied this request on the ground that because she volunteered for the training, she was not entitled to paid military leave.

Article 5765, V.T.C.S., provides in pertinent part as follows:

> Section 7. (a) All ... employees. . . of any. . . political subdivision. . . who shall be members of the State Military Forces, or members of any of the Reserve Components of the Armed Forces, shall be entitled to leave of absence from their respective duties without loss of. . . salary on all days <u>during which they shall be engaged in authorized training or duty ordered or authorized by proper authority, for</u> not to exceed fifteen (15) days in any one calendar year. (Emphasis added).

In Attorney General Opinion MW-240 (1980), we held that because article 5765 entitles a teacher to a leave of absence without loss of salary on days during which he is engaged in military duty, not to exceed 15 days in a calendar year, a teacher who is so engaged may not be required to pay for a substitute employed by the school district during that time. The opinion did not differentiate between instances in which a teacher is ordered to perform military duty and those in which he volunteers for duty.

In our view, the answer to your question depends entirely upon the construction placed upon the underlined portion of article 5765. It is well established that statutory language will be given literal effect when it is unambiguous and it embodies a definite meaning, and when there is nothing which indicates that the legislature meant anything other than what it apparently said. Brazos River Authority v. City of Graham, 354 S.W. 2d 99 (Tex. 1961). We think this rule is clearly applicable here. We therefore reach the following conclusions: (1) an employee's right to a leave of absence does not depend upon whether the employee voluntarily requests military training or duty, but exists if the training or duty is ordered or authorized by proper authority; (2) "proper authority" refers to those with the requisite authority to order or authorize members of the state military forces or the reserve components of the armed forces to engage in authorized military training or duty.

A copy of the orders which was submitted with this opinion request indicates that these orders were issued by a representative of the Adjutant General on his behalf. In our opinion the Adjutant General is unquestionably a "proper authority" within article 5765. Accordingly, because in this instance the military training was ordered and authorized by proper authority, we conclude that the employee is entitled to a paid leave of absence from her teaching duties for not to exceed 15 days per calendar year.

## SUMMARY

Article 5765, V.T.C.S., affords a public school teacher the right to a leave of absence from teaching duties without loss of salary on days during which the teacher is engaged in authorized military training or duty which is ordered or authorized by proper authority, not to exceed 15 days in any one calendar year, without regard to whether the employee voluntarily requests the training or duty. The Adjutant General is a "proper authority" within article 5765.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Jon Bible
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Barbara Marquardt
Bruce Youngblood